**UNITED STATES of America**

v.

**Donald P. PERCIVAL, Defendant.**

**Crim. No. 89–00306–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

Jan. 9, 1990.

---

Paul Cassell, Asst. U.S. Atty., Marcus Davis, Sp. Asst. U.S. Atty., Alexandria, Va., for plaintiff.

Thomas Hylden, Leonard Greenebaum, Washington, D.C., for defendant.

## MEMORANDUM OPINION

CACHERIS, District Judge.

This matter is before the court on defendant Donald P. Percival's ("Percival") Motion to Set Aside the Verdict and Enter Judgment of Acquittal.[1]

On September 5, 1989 the Grand Jury returned an indictment against Percival charging him in the following counts: Count 1, conspiracy to violate the firearms laws of the United States, in violation of 18 U.S.C. § 371; Counts 2–10, failure to record information pertaining to the sale of firearms by a licensed firearm dealer, in violation of 18 U.S.C. § 922(b)(5); and Counts 17–18, unlawful sale of firearms to individuals Percival knew or should have known were not residents of Virginia, the state in which Percival's business is located, in violation of 18 U.S.C. § 922(b)(3).

On November 10, 1989 a jury found Percival guilty of Counts 1, 2 through 7, 9 and 10 and 16 and 17. The jury found Percival not guilty on Count 8.

Percival now moves to Set Aside the Verdict and Enter Judgment of Acquittal on Counts 2–7 and 9–10. The issue before the court concerns the appropriate penalties to be assessed for these convictions. Specifically, the issue is whether these violations support felony or misdemeanor convictions. For the reasons set forth below, the court finds that counts 2–7 and 9–10 support misdemeanor convictions.

---

1. On December 7, 1989, the court denied Perci-

## I. FACTS

From 1982 to the time of trial, Percival was a licensed firearm dealer operating Ted's Coins, Pawnshop and Guns located in Woodbridge, Virginia. In December 1988 Percival opened a second store, Ted's Coins, Guns and Machine Guns, located in Stafford, Virginia. Both of these locations lie in the Eastern District of Virginia.

The conspiracy charge asserted that from sometime in October 1988 through May 1989 Percival and others conspired to violate the firearms laws of the United States by failing to record required information pertaining to the sale of these firearms and by engaging in "straw purchases"—sales of firearms to individuals Percival and his co-defendants knew or should have known were not residents of Virginia.

## II. CHARGED OFFENSES

Counts 2–10 charged that Percival on eight separate occasions

knowingly, willfully and unlawfully failed to note in his records required to be kept pursuant to section 923, Chapter 44, Title 18, United States Code, the name, age and place of residence of the actual transferee ... reciting instead an alleged transferee ... of firearms.

18 U.S.C. § 922(b)(5) provides, in pertinent part, that

(b) it shall be unlawful for any ... licensed dealer ... to sell or deliver—

(5) any firearm or armor-piercing ammunition to any person unless the licensee notes in his records, required to be kept pursuant to section 923 of this chapter, the name, age, and place of residence of such person ...

Section 922(b)(5) does not include a penalty provision. The criminal penalty provisions pertaining to violations of Section 922 are set forth in 18 U.S.C. § 924, which provides in pertinent part

(a)(1) Except as otherwise provided in paragraph ... (3) of this subsection, whoever—

(A) knowingly makes any false statement or representation with respect to

---

val's Motion for a New Trial.

the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter; or ...

(D) willfully violates any other provision of this chapter ... shall be fined not more than $5,000, imprisoned not more than five years, or both ...

Section 924(a)(3) provides

Any licensed dealer, licensed importer, licensed manufacturer, or licensed collector who knowingly—

(A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter ... shall be fined not more than $1,000, imprisoned not more than one year, or both ...

It is clear from the reading of these two subsections that § 924(a)(1) provides for a felony conviction whereas § 924(a)(3) provides for a misdemeanor conviction. Here the government has charged Percival with a felony violation, first by referring to the language in the indictment which charges a "willful" violation of § 922(b)(5) and also by relying on § 924(a)(1)(D), which provides that anyone who "willfully violates any other provision of this chapter" shall be guilty of a felony. The critical task for the court, therefore, is to determine which of these two subsections of § 924 is the proper penalty provision for a violation of § 922(b)(5).

### III. STATUTORY CONSTRUCTION

#### a. *The language of the statute*

The interpretation of a statute begins with the language of the statute. *Mallard v. U.S. District Court for the Southern District of Iowa,* — U.S. —, 109 S.Ct. 1814, 1818, 104 L.Ed.2d 318 (1989). *See also United States v. Ron Pair Enterprises, Inc.,* — U.S. —, 109 S.Ct. 1026, 1030,

103 L.Ed.2d 290 (1989). In addition, in attempting to discern the meaning of a statute, "examination of the literal language of a statute ... properly ends [the inquiry] there unless the language is ambiguous, or would, as literally read, contravene a clearly expressed legislative intention." *U.S. v. Harvey,* 814 F.2d 905, expressed legislative intention." *U.S. v. Harvey,* 814 F.2d 905, 913 (4th Cir.1987) (citations omitted).

Both subsections proscribe the same type of conduct. They differ in coverage. § 924(a)(1) applies to *whoever* makes any false statement or representation in connection with a firearm sale. Because of the general nature of this subsection's coverage, it could apply to both sellers and purchasers of firearms. In contrast, § 924(a)(3) applies expressly and exclusively to licensed dealers who make false statements or representations in connection with a firearm sale. Percival is a federally-licensed firearm dealer. By the clear import of the language of the two subsections, § 924(a)(3) is applicable to Percival.

■ The government, while conceding that the two penalty provisions are similar, contends that § 924(a)(1) is applicable for it incorporates a "willful" element (in § 924(a)(1)(D)) and the indictment charged Percival with a willful violation of § 922(b)(5).[2] The government further argues that it may elect which penalty provision to proceed under.[3] In support of this proposition, the government relies on *U.S. v. Batchelder,* 442 U.S. 114, 99 S.Ct. 2198, 60 L.Ed.2d 755 (1979). While it is true that the court in *Batchelder* held that "when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants", 442 U.S. at 123–124, 99 S.Ct. at 2203–2204, it is also clear from the opinion that the statutory scenario before the Court was the interpretation of two penalty provisions of two *different* statutes—18 U.S.C. § 922(h) and 18 U.S.C. App. § 1202(a). Here, the situation involves

---

**2.** Section 922(b)(5) is devoid of any intent element or requirement.

**3.** As is the case with the section itself, the jury instruction given as to § 922(b)(5) did not include any intent element, e.g. "willfully" or "knowingly."

two penalty provisions contained in the *same* statute. Thus *Batchelder* and its progeny, which the government has cited in its brief, are simply not applicable to this case.

### b. *Legislative history*

To support its contention that § 924(a)(1) is the controlling penalty provision, the government references legislative history. Similarly, Percival also has cited legislative history to support his position. The court faces a unique challenge in interpreting § 924; for while it is true that "when construing a statute for the first time, courts first look to the statute's language, then to its legislative history", *Baltimore Gas and Electric Co. v. Heintz*, 760 F.2d 1408, 1413 (4th Cir.1985), it is also recognized that "[t]he proper function of legislative history is to solve, and not create an ambiguity." *U.S. v. Harvey*, 814 F.2d 905, 916 (4th Cir.1987).

Section 924(a)(3) was enacted as part of the Firearm Owners Protection Act of 1986, Pub.L. 99–308 (1986), which amended the Gun Control Act of 1968. This amendment provided for misdemeanor penalties for certain record-keeping violations committed by licensed dealers. The government contends that the legislative history provides for misdemeanor penalties only for violations of § 922(m)[4] and not for violations of § 922(b)(5). To support this position, the government cites the legislative history to the amendment, which references § 922(m) but not § 922(b)(5). *See* 131 Cong.Rec. S9131–33 (daily ed. July 9, 1985). It is the position of the government, therefore, that felony penalties should apply to violations of § 922(b)(5).

Percival also relies on legislative history. Specifically, Percival refers to the legislative history pertaining to H.R. 4332, the Judiciary Committee's proposed amendment to the Gun Control Act of 1968. This legislative history provides, in pertinent part, that

Paragraph (3) reduces the penalty for knowing violation of recordkeeping re-

quirements of the Gun Control Act (18 U.S.C. 922(b)(5) and 922(m)) ...

H.R. 4332 was not the version ultimately enacted. However, legislative remarks pertaining to H.R. 4332 contain references to the similarities between H.R. 4332 and S–49 (the enacted amendment). For example, the relevant Congressional Record states "some of the major areas where both sides are already in substantial agreement ... [are that] recordkeeping offenses are reduced to misdemeanors, rather than felonies." 132 Cong.Rec. H1650 (daily ed. April 9, 1986).

■ The court finds that legislative history is available to support both sides' positions. The court also finds that the language of the two subsections—§ 924(a)(1) and § 924(a)(3)—are sufficiently clear, on their own, to support the conclusion that the applicable penalty provision is the misdemeanor provision. In cases such as these "plain words and meaning of a statute cannot be overcome by a legislative history which, through strained processes ..., may furnish dubious bases for inference in every direction." *Ex Parte Collett*, 337 U.S. 55, 61, 69 S.Ct. 944, 947, 93 L.Ed. 1207 (1949). Further, "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Busic v. United States*, 446 U.S. 398, 406, 100 S.Ct. 1747, 1753, 64 L.Ed.2d 381 (1980), *quoting United States v. Bass*, 404 U.S. 336, 347, 92 S.Ct. 515, 522, 30 L.Ed.2d 488 (1971), *quoting Rewis v. United States*, 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493 (1971).

In *United v. Headspeth*, 852 F.2d 753, 759 (4th Cir.1988), the court stated that

this policy of lenity means that the Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended ... Where, as here, the legislative history and other extrinsic sources offer no guidance in resolving the ambiguity in the statutory language, we can do no

---

4. Section 922(m) provides that

[i]t shall be unlawful for any ... licensed dealer knowingly to make any false entry in, to fail to make appropriate entry in, or to fail

to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder.

more than guess as to Congress' intent and must therefore resolve the ambiguity in favor of the accused.

Finding the language to be sufficiently clear and the relevant legislative history to be ambiguous, as well as keeping in mind the policy of lenity when such ambiguity is present, the court holds that Counts 2–7 and 9–10 support misdemeanor convictions. Accordingly, Percival's Motion to Set Aside the Verdict and Enter Judgment of Acquittal is denied. However, the court finds that Percival should receive a misdemeanor sentence under counts 2–7 and 9–10.