**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Sahr I. JARVOUHEY, Defendant–
Appellant.**

**No. 96–10424.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 13, 1997.

Decided July 8, 1997.

Mary M. French and John P. Balazs, Assistant Federal Public Defenders, Sacramento, CA, for the defendant-appellant.

Bradford C. Lewis and Eugene Illovsky, Assistant United States Attorneys, Sacramento, CA, for the plaintiff-appellee.

Before: GOODWIN, D.W. NELSON, and TROTT, Circuit Judges.

TROTT, Circuit Judge:

## OVERVIEW

Sahr Jarvouhey, a licensed firearms dealer, appeals his conditional guilty-plea conviction for selling semi-automatic weapons while willfully failing to keep records of the name, age, and residence of the purchaser, in violation of 18 U.S.C. § 922(b)(5). Jarvouhey argues that the district court erred by treating his crime as a felony under 18 U.S.C. § 924(a)(1), rather than as a misdemeanor under 18 U.S.C. § 924(a)(3). Because the felony-penalty provision of section 924(a)(1) plainly applies to anyone who "willfully violates any provision of [chapter 18]," Jarvouhey was properly sentenced under that section. We affirm.

## BACKGROUND

On June 1, 1993, Jarvouhey obtained a federal firearms dealer's license. Between June 1, 1993 and July 9, 1993, he purchased and resold approximately 400 firearms without keeping records of the transactions. Law enforcement agents recovered several of these weapons from gang members in San Jose, California and traced their serial numbers to wholesale purchases made by

Jarvouhey. Law enforcement officers eventually recovered 104 of the firearms that Jarvouhey sold without keeping proper records. When interviewed by agents from the Bureau of Alcohol, Tobacco, and Firearms, Jarvouhey stated that he had sold the weapons to someone named "Johnny Smith," but that he did not know where Smith lived, or how Smith could be contacted.

On March 8, 1996, the Government charged Jarvouhey with one count of making a false statement in connection with the purchase of firearms, in violation of 18 U.S.C. § 1001, and 104 counts of supplying semiautomatic weapons while knowingly and willfully failing to keep records of the name, age, and residence of the purchaser, in violation of 18 U.S.C. § 922(b)(5). Jarvouhey moved to reduce the charges in counts 2 through 105 from felonies to misdemeanors, arguing that the applicable maximum penalty was the one-year maximum set forth in section 924(a)(3), not the five-year maximum set forth in section 924(a)(1). The district court denied the motion, ruling that section 924(a)(1) unambiguously applied to the conduct alleged in counts 2 through 105.

Jarvouhey pled guilty on June 11, 1996, but reserved his right to appeal the district court's denial of his motion to treat counts 2 through 105 as misdemeanors. The district court sentenced Jarvouhey to twenty-four months in prison, followed by a thirty-six month term of supervised release and a $1500 fine.

## STANDARD OF REVIEW

■ The question of whether section 924(a)(1) properly applies to Jarvouhey's conduct is one of statutory interpretation. The interpretation of a statute is a question of law, which we review de novo. *United States v. Doe*, 109 F.3d 626, 629 (9th Cir.1997).

## DISCUSSION

■ Jarvouhey pled guilty to a willful violation of 18 U.S.C. § 922(b)(5), admitting that he:

knowingly and willfully failed to note in records he was required to keep pursuant to Title 18, United States Code, Section 923, the name, age and place of residence of the individual to whom he delivered [104 semi-automatic handguns].

In his plea colloquy, Jarvouhey also admitted that his failure to keep the required transaction records was willful, agreeing that he "knew that the law required [him to keep the records], and in defiance of the law [he] failed to keep those records." [1]

Section 924 sets forth the applicable penalties for all violations of the Gun Control Act. The district court sentenced Jarvouhey under section 924(a)(1), which provides that:

Except as otherwise provided in this subsection ... *whoever* ... (D) *willfully* violates *any other provision* of this chapter, shall be fined under this title, imprisoned not more than five years, or both.

(Emphasis added). The district court sentenced Jarvouhey pursuant to this provision, reasoning that the provision applies to "whoever" willfully violates a provision of chapter 18 and that Jarvouhey plead guilty to a willful violation of 18 U.S.C. § 922(b)(5).

Jarvouhey argues that, by its own terms, section 924(a)(1) does not apply where punishment is "otherwise provided in [subsection 924(a)]." He contends that the appropriate sentence for his crime is "otherwise provided" in section 924(a)(3), which states that:

Any *licensed dealer* ... who *knowingly-* (A) *makes any false statement or representation* with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter ... shall be fined under this title, imprisoned not more than one year, or both.

(Emphasis added). Thus, according to Jarvouhey's reasoning, the district court was precluded by section 924(a)(3) from sentencing Jarvouhey to a term of imprisonment in excess of one year.

1. "An act or omission is 'willfully' done, if done voluntarily and intentionally and with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law." *Black's Law Dictionary* 1599 (6th ed.1990).

The district court disagreed and sentenced Jarvouhey to two years imprisonment. It refused to apply the one-year limit in section 924(a)(3) because: 1) Jarvouhey pled guilty to a willful violation, not just a knowing one; and 2) Jarvouhey pled guilty to failing to keep records, not to making false statements. Jarvouhey argues that the district court erred for three reasons. First, he notes that the felony provisions of section 924(a)(1) apply generally to *whoever* violates the Gun Control Act, whereas the misdemeanor penalties of section 924(a)(3) apply specifically to licensed dealers who commit record-keeping violations. Because Jarvouhey is a licensed dealer, he argues that the more specific provision must govern his conduct. Second, Jarvouhey argues that it would be a bizarre and disproportionate result if a licensed firearm dealer was punished more severely under the statutes for failing to keep any records than for affirmatively making false and misleading statements in those records. Finally, Jarvouhey argues that the statutory structure is ambiguous and thus, under the rule of lenity, that he should be sentenced under the more lenient provision. *Bifulco v. United States,* 447 U.S. 381, 387, 100 S.Ct. 2247, 2252, 65 L.Ed.2d 205 (1980) ("[T]he Court will not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended.").

In support of his arguments, Jarvouhey relies on *United States v. Percival,* 727 F.Supp. 1015 (E.D.Va.1990), *aff'd,* 932 F.2d 964 (4th Cir.), *cert. denied,* 502 U.S. 919, 112 S.Ct. 330, 116 L.Ed.2d 270 (1991). In *Percival,* the court considered whether section 924(a)(1) or section 924(a)(3) set forth the appropriate penalty for a licensed firearm dealer who violated 18 U.S.C. § 922(b)(5) by making false statements in connection with the purchase of a firearm. The court held that the language of the statutes is clear and that the applicable penalty provision is section 924(a)(3), the misdemeanor provision. *Id.* at 1018; *see also United States v. Wegg,* 919 F.Supp. 898, 902 (E.D.Va.1996). In reaching this holding, the court dismissed the Government's argument that section 924(a)(1) should apply whenever the licensed firearms dealer's conduct is willful as opposed to merely knowing.

We reject Jarvouhey's arguments, as well as the reasoning of *Percival.* Jarvouhey's reading of the statutory structure ignores critical differences in the two provisions, namely that section 924(a)(1) applies when the defendant's mens rea is more culpable (i.e., when the conduct is *willful*), and that section 924(a)(3) only applies to defendants convicted of knowingly making a false statement in connection with the purchase of a firearm (and not to those who completely fail to keep records). It is for Congress to decide whether a firearms dealer who willfully and completely fails to keep transaction records should be punished more severely than a dealer who knowingly makes false statements in his transaction records. We are bound by the plain language of the statute, which supports the district court's application of section 924(a)(1). Because the statutory language is clear, there is no ambiguity for the rule of lenity to resolve. *See United States v. Hern,* 926 F.2d 764, 767 (8th Cir. 1991) (section 924(a)(1) applies to willful violations of section 922(b)(5)).

## CONCLUSION

Because Jarvouhey admitted that he willfully violated 18 U.S.C. § 922(b)(5), he was subject to a five-year-maximum term of imprisonment under 18 U.S.C. § 924(a)(1). The one-year-maximum penalty established by 18 U.S.C. § 924(a)(3) simply does not apply. Thus, the district court was correct in treating Jarvouhey's crime as a felony under section 924(a)(1) and in sentencing Jarvouhey to two-years imprisonment.

**AFFIRMED.**