127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Clark NEURON, Defendant-Appellant.
 No. 96-50655.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 10, 1997.**
Decided October 15, 1997.
 
 Appeal from the United States District Court for the Central District of California, Dickran Tevrizian, District Judge, Presiding; No. CR 96-425-DT.
 Before: O'SCANNLAIN, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant Neuron appeals his 10-year mandatory sentence enhancement imposed under 18 U.S.C. § 924(c)(1) for using or carrying a firearm during the commission of a crime of violence, following his guilty pleas on both the firearms charge and the underlying bank robbery charge. He argues that the district court erred in applying the 10-year mandatory sentence enhancement on the firearms charge in light of the fact that the weapon used in the bank robbery--which he admits is a "short-barreled rifle" within the meaning of § 924(c)(1)--was "inherently less dangerous" than weapons that trigger a lighter sentence enhancement. The district court concluded that appellant's use of a short-barreled rifle was within the plain and unambiguous meaning of § 924(c)(1), and that the relative dangerousness of the weapon used was irrelevant; consequently, it imposed the 10-year sentence enhancement prescribed by the statute. We affirm.
 
 
 3
 The facts underlying this action are known to the parties and we shall not repeat them here.
 
 
 4
 The provision under which Neuron was sentenced, 18 U.S.C. § 924(c)(1), provides, in relevant part:
 
 
 5
 Whoever, during and in relation to any crime of violence ... for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence ... be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle ... to imprisonment for ten years
 
 
 6
 18 U.S.C. § 924(c)(1) (emphasis added). The statute further defines "short-barreled rifle" as any rifle
 
 
 7
 having one or more barrels less than sixteen inches in length and any weapon made from a rifle (whether by alteration, modification, or otherwise) if such weapon, as modified, has an overall length of less than twenty-six inches.
 
 
 8
 18 U.S.C. § 921(a)(8).
 
 
 9
 Neuron expressly concedes that the weapon he used in the robbery is within the language of § 924(c)(1), as he describes it as a ".22 caliber rifle [with] ... [t]he barrel length [being] one and one half inches from the bolt housing and the overall rifle length [being] twelve inches." (Appellant's Brief, at 5). Neuron also expressly concedes that "the statutory language [of § 924(c)(1) ] is not ambiguous...." (Appellant's Brief, at 12-13).
 
 
 10
 Neuron's concessions are fatal, because according to clearly established precedent in this circuit, "[a]bsent a clearly expressed legislative intention to the contrary, the plain language of the statute is ordinarily conclusive." United States v. Hunter, 101 F.3d 82, 84 (9th Cir.1996), cert. denied, 117 S.Ct. 1285 (1997); accord Robinson v. Shell Oil Co., 117 S.Ct. 843, 846 (1997) ("[The] first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case. [The] inquiry must cease if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent.' " (citing United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 240 (1989))).
 
 
 11
 We decline Neuron's invitation to ignore the plain meaning of § 924(c)(1). Although we might be willing to do so in the very rare instance in which "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters," Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571 (1982), this undoubtedly is not such an instance. There is no indication--from Neuron or otherwise--that a literal interpretation of § 924(c)(1) conflicts in any respect with the intentions of the framers, much less produces a result "demonstrably at odds" with those intentions.
 
 
 12
 Finally, contrary to Neuron's suggestion, the rule of lenity does not apply in this case. The rule "applies only when a statute is ambiguous." United States v. Schmidt, 99 F.3d 315, 319 (9th Cir.1996) (quoting United States v. Morales, 45 F.3d 693, 701 (2d Cir.1995) (internal quotation marks omitted)). As noted previously, Neuron expressly concedes that § 924(c)(1) is not ambiguous, but instead clearly covers the conduct for which he was sentenced. Consequently, "[b]ecause the statutory language is clear, there is no ambiguity for the rule of lenity to resolve," United States v. Jarvouhey, 117 F.3d 440, 442 (9th Cir.1997), and the rule simply does not apply.
 
 
 13
 Because we agree with the district court that the text of § 924(c)(1) clearly and unambiguously covers the conduct for which Neuron was sentenced, imposition of the statutorily prescribed 10-year mandatory sentence enhancement was proper.
 
 
 14
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed. R.App. P. 34(a); Ninth Circuit R. 34-4(c)
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3