**UNITED STATES of America,**
**Plaintiff,**

v.

**Viktor MASCAK, Jamie Mascak, and**
**Beatrice Lowe, Defendants.**

**No. CR 01–512–BR.**

United States District Court,
D. Oregon.

Jan. 24, 2003.

---

Michael W. Mosman, United States Attorney, Fredric N. Weinhouse, Assistant United States Attorney, Portland, for Plaintiff.

Steven T. Wax, Federal Public Defender, Ellen C. Pitcher, Assistant Federal Public Defender, Portland, for Defendant Viktor Mascak.

Kenneth Lerner, Lerner & Meyer, Portland, for Defendant Jamie Mascak.

Whitney P. Boise, Hoevet & Boise, P.C., Portland, for Defendant Beatrice Lowe.

## OPINION AND ORDER

BROWN, District Judge.

In a 34–count Superseding Indictment dated October 18, 2002, the government charges Defendants Victor Mascak (V.Mascak), Jamie Mascak (J. Mascak), and Beatrice Lowe (Lowe) of various firearm-related offenses. Count 1 charges all Defendants with conspiracy to commit such crimes. Count 2 charges Defendants V. Mascak and Lowe with violating 18 U.S.C. § 922(a)(1)(A) when they allegedly dealt in firearms without a license. Count 3 charges V. Mascak and Lowe with violating 18 U.S.C. § 922(a)(5) when they allegedly sold a firearm to an out-of-state resident. Counts 4–7 charge J. Mascak, the holder of a federal firearms license (FFL), with selling firearms to individuals who did not appear at his place of business in violation of 18 U.S.C. § 922(c).

This matter comes before the Court on the Motion to Dismiss Indictment (# 36) [1]

---

**1.** Defendant J. Mascak filed this Motion to Dismiss against the original Indictment. The government then filed the Superseding Indict-

as to Counts 8–34 filed by Defendant J. Mascak, in which Defendant V. Mascak[2] joined during oral argument October 23, 2002. The Mascak Defendants assert Counts 8–34 of the Superseding Indictment fail to state any substantive felony crimes against them because 18 U.S.C. § 924(a)(1)(A), on which these counts are based, purportedly is only a penalty provision. The Mascak Defendants alternatively contend these counts constitute misdemeanor crimes punishable only under 18 U.S.C. § 924(a)(3).

For the reasons that follow, the Court **DENIES** the Mascak Defendants' Motion to Dismiss.

### STANDARDS

**A. Motion to Dismiss pursuant to Fed. R.Crim.P. 12(b)(2).**

Fed.R.Crim.P. 12(b)(2) provides:

Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion.... The following must be raised prior to trial:

\*    \*    \*    \*    \*    \*

(2) Defenses and objections based on defects in the indictment or information (other than that it fails to show jurisdiction in the court or to charge an offense which objections shall be noticed by the court at any time during the pendency of the proceedings).

■ To determine whether to dismiss an indictment for failure to state an offense, the court must accept as true all of the allegations in the indictment. *United States v. Boren,* 278 F.3d 911, 914 (9th Cir.2002). The court is bound by the four corners of the indictment when the ground

for dismissal is the failure to state an offense. *Id.* "The indictment either states an offense or it doesn't," and there is no need to conduct an evidentiary hearing on the element. *Id.*

**B. Construing a Criminal Statute.**

In *Boren,* the Ninth Circuit construed 18 U.S.C. § 1014 and applied the following standard:

We look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of Congress. Then, if the language of the statute is unclear, we look to its legislative history.

*Id.* at 914–15 (quoting *Alarcon v. Keller Indus., Inc.,* 27 F.3d 386, 389 (9th Cir. 1994)).

■ In addition, the rule of lenity requires the court to construe ambiguities in criminal statutes in favor of the defendant. For example, a sentencing court must impose the lesser of two penalties when there is an actual ambiguity over which penalty should apply. *United States v. Hardy,* 289 F.3d 608, 614 (9th Cir.2002). The rule of lenity applies, however, only if "a reasonable doubt persists about a statute's intended scope even after resort to the language and structure, legislative history, and motivating policies of the statute." *United States v. Jolibois,* 294 F.3d 1110, 1113 (9th Cir.2002) (internal quotations and citations omitted).

### DISCUSSION

According to the government, Counts 8–34 of the Superseding Indictment charge

---

ment in an effort to address some of the issues raised in Defendant J. Mascak's Motion. The parties agreed at oral argument that the Court should consider the Motion and related briefing as though they were made against Counts 8–34 of the Superseding Indictment.

**2.** For purposes of this Motion to Dismiss, V. Mascak and J. Mascak will be referred to as the Mascak Defendants when appropriate.

each of the Mascak Defendants with substantive felony crimes in violation of 18 U.S.C. § 924(a)(1)(A). Each count relies upon the premise that the Mascak Defendants

> knowingly made a false statement and representation with respect to information required by the provisions of Chapter 44 of Title 18, United States Code, to be kept in the records of Jamie Mascak, a person licensed under the provisions of Chapter 44 of Title 18, United States Code, in that the defendants falsely indicated on ATF form 4473 ... that [a particular individual had purchased a certain number of firearms on a particular date] ... in violation of Title 18, United States Code, Section 924(a)(1)(A).[3]

The Mascak Defendants, however, contend § 924(a)(1)(A) does not state a substantive felony offense and merely sets forth graduating penalties for other firearm crimes. The Mascak Defendants argue, therefore, Counts 8–34 of the Superseding Indictment must be dismissed pursuant to Fed. R.Crim.P. 12(b)(2). In any event, the Mascak Defendants alternatively assert these counts state only misdemeanors. Although the government responds that the "case law and plain language of the statute are to the contrary," there are not any Ninth Circuit decisions directly on point published after 1986, the year Congress enacted § 924(a)(1)(A) as part of the Firearms Owners' Protection Act (FOPA). Only the Eighth Circuit has squarely decided the issue, and that court rejected the interpretation asserted by the Mascak Defendants.

The pertinent provisions of the current form of § 924 are:

## § 924. Penalties

(a)(1) Except as otherwise provided in this subsection, subsection (b), (c), or (f) of this section, or in section 929, whoever—

> (A) knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter ...;

> (B) knowingly violates subsection (a)(4), (f), (k), (r), (v), or (w) of section 922;

> (C) knowingly imports or brings into the United States or any possession thereof any firearm or ammunition in violation of section 922(1); or

> (D) willfully violates any other provision of this chapter,

shall be fined under this title, imprisoned not more than five years, or both.

\*        \*        \*        \*        \*        \*

(3) Any licensed dealer, licensed importer, license manufacturer, or license collector who knowingly -

> (A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter, or

\*        \*        \*        \*        \*        \*

shall be fined under this title, imprisoned not more than one year, or both.

\*        \*        \*        \*        \*        \*

■■■■ As noted, the court's analysis must begin with the plain language of the statute and the provisions of the statutory scheme to ascertain whether Congress intended § 924(a)(1)(A) to define a substan-

---

**3.** In addition, the government also asserts in some counts that the Mascak Defendants'

statements were made in the "Acquisition and Disposition Book."

tive crime or merely to authorize a felony sentence for an offense specified under a different statutory provision. The court may turn to legislative history only if the statutory language is unclear.

The Mascak Defendants concede the title of this section, "Penalties," does not resolve the question in favor of their interpretation. Indeed, as the Supreme Court noted in *Castillo v. United States*, this particular title "cannot help, for Congress already has determined that at least some portion of § 924 ... creates, not penalty enhancements, but entirely new crimes." 530 U.S. 120, 125, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).

The literal language and overall structure of the statute also do not advance the Mascak Defendants' interpretation. In particular, the structure of § 924(a)(1)(A) is quite different from the structure of Parts (B), (C), and (D), which expressly reference certain substantive provisions for which the 5–year felony penalty may be available depending on whether a person "knowingly" or "willfully" violated such other express provisions. Part (A), however, contains no similar cross-reference to another substantive offense. If Congress intended Part (A) only to enhance the penalty available for violation of another statute, the language and structure of Part (A) likely would be similar to Parts (B), (C), and (D). Instead Part (A) merely describes certain culpable conduct that subjects the actor to a 5–year prison sentence. In fact, the language of Part (A) reads more like the elements of a crime and arguably comports with the Supreme Court's interpretation of § 924(c)(1) as constituting a substantive offense. *See id.* In addition, a sentence enhancement provision usually does not carry a *mens rea* standard. *See United States v. Sherbondy*, 865 F.2d 996, 1001 (9th Cir.1988).

Even if § 924(a)(1)(A) states a substantive offense generally, the Mascak Defen-

dants argue the plain language and structure of the statute preclude prosecution of federal firearms licensees because (1) its application is expressly limited "except as otherwise provided in this subsection" and (2) § 924(a)(3) "otherwise provid[es]" for misdemeanor punishment for a federal firearms licensee who knowingly makes false record entries.

As noted, § 924(a)(3) provides:

> Any licensed dealer, licensed importer, licensed manufacturer, or licensed collector who knowingly—
>
> > (A) makes any false statement or representation with respect to the information required by the provisions of this chapter to be kept in the records of a person licensed under this chapter,
>
> \*      \*      \*      \*      \*      \*
>
> shall be fined under this title, imprisoned not more than one year, or both.

In support of their argument, the Mascak Defendants rely on *United States v. Percival* and *United States v. Wegg*, decisions from the Eastern District of Virginia. In each of these cases, the district court held the government may not rely on § 924(a)(1)(A) when prosecuting a firearms licensee for a records-keeping offense, and the appropriate penalty for such an offense is the misdemeanor penalty provided in § 924(a)(3). *See United States v. Percival*, 727 F.Supp. 1015, 1017 (E.D.Va.1990); *United States v. Wegg*, 919 F.Supp. 898, 903 (E.D.Va.1996). Although the court in *Wegg* found § 924(a)(1)((A) and § 924(a)(3) are both substantive criminal statutes contrary to the Mascak Defendants' primary argument here, the court also stated:

> It is axiomatic that where a statute describes an offense generally and attributes felony punishment to all violators except for an excepted group who may only receive misdemeanor punishment,

those in the excepted group may only be prosecuted for the misdemeanor. Under a literal reading of § 924, then, when record-keeping offenses concerning their own records are at issue, licensed dealers may only be prosecuted for a misdemeanor....

The government cannot avoid the direct application of § 924(a)(3) by attempting to use a different provision in the same statute to punish the same behavior....

*Id.* As the Seventh Circuit commented in *United States v. Rietzke,* however, "....  *Wegg* carries no binding authority, nor do we even find it remotely persuasive." 279 F.3d 541, 544 (7th Cir.2002).

Congress surely may choose to limit the availability of misdemeanor treatment to a particular group of violators and, clearly, only the described licensees may be prosecuted for the misdemeanor crime described in § 924(a)(3). Based on the plain language and the structure of § 924, however, this Court does not agree that § 924(a)(3) precludes charging such licensees within the broader scope of § 924(a)(1)((A), which applies to "whoever" knowingly makes a false statement. If Congress had intended to permit only misdemeanor prosecutions of firearms licensees who knowingly made false record entries, Congress could have inserted the word "only" in the appropriate place in § 924(a)(3).

In summary, the Court concludes the plain language and structure of § 924 do not support the Mascak Defendants' contention that § 924(a)(1)(A) constitutes only a penalty for violation of another statute, is not a substantive offense, and excepts firearms licensees from its reach. Because the Mascak Defendants, nonetheless, contend the intent of Congress is unclear, the Court turns to the Mascak Defendants' arguments concerning legislative history.

As noted, Congress amended portions of § 924 in 1986 and again in 1988 as part of FOPA. Before FOPA, the Ninth Circuit construed 18 U.S.C. § 924(a) as a substantive offense. *United States v. Buck,* 548 F.2d 871, 876–77 (9th Cir.), *cert. denied,* 434 U.S. 890, 98 S.Ct. 263, 54 L.Ed.2d 175 (1977). When it construed § 924(a)(1)(B) and § 924(e) in *United States v. Sherbondy,* the Ninth Circuit explained the context in which Congress amended FOPA as follows:

Prior to FOPA, many of the firearms provisions were, on their face, strict liability offenses. FOPA added a set of mens rea requirements by amending section 924(a)(1) to punish certain violations only if they are committed 'willfully" and others only if they are committed 'knowingly.'

\*    \*    \*    \*    \*    \*

The FOPA amendments are somewhat confusing. Normally, the mens rea for a crime is set out as part of the substantive offense, not as part of a penalties provision, as in section 924(a). To further complicate matters, there is a separate section, section 924(e), which provides the penalty for persons who violate 922(g) and who also have three prior violent felony convictions....

.... Furthermore, section 924(e)(1) is a sentence enhancement provision, not one that establishes a separate offense, [citation omitted], and so should not carry its own separate mens rea standard. Thus, it is highly likely that Congress used section 924(a) simply to avoid having to add 'willful' or 'knowing' into every subsection of section 922....

*Id.* at 1001–02.

In *United States v. Langley,* the Fourth Circuit concurred:

[B]ecause liability could be imposed on law-abiding citizens for "unintentional missteps," [citation omitted], Congress enacted FOPA in 1986, which "added a

set of *mens rea* requirements by amending section 924(a)(1) to punish certain violations only if they are committed 'willfully' and others only if they are committed 'knowingly.' [citation omitted]. Though it is unusual that Congress chose to add a *mens rea* requirement to a penalty provision, we agree with the *Sherbondy* court that "it is highly likely that Congress used section 924(a) simply to avoid having to add 'willful' or 'knowing' into every subsection of section 922."

62 F.3d 602, 604–05 (4th Cir.1995)(quoting *Sherbondy*, 865 F.2d at 1002).

These descriptions of the context in which Congress amended FOPA do not address, however, the legislative intent behind § 924(a)(1)(A). The Mascak Defendants emphasize Congress amended FOPA in order to "relieve the nation's sportsmen and firearm owners and dealers from unnecessary burdens under the Gun Control Act of 1968," and the Mascak Defendants cite to H.R.Rep. No. 99–495, at 1 (1986), *reprinted in* 1986 U.S.C.C.A.N. 1327, 1352. Without additional citations to the legislative record to support their argument, the Mascak Defendants further assert the amendments to § 924(a) were intended to control "a perceived abuse of prosecutorial discretion" apparently directed at federal firearms licensees. The Mascak Defendants assert Congress did not intend to permit a substantive felony prosecution against a licensee who made false record entries because Congress expressly stated (1) § 924(a)(1)(A) does not apply "as otherwise provided in this subsection" and (2) § 924(a)(3), one of the FOPA amendments, expressly provides misdemeanor punishment for a federal firearms licensee who knowingly made false record entries. In the absence of legislative history in support of such an assertion, however, this Court concludes the Mascak Defendants' argument is speculative. This Court finds

more persuasive the Eighth Circuit's analysis in *United States v. Al–Muqsit*:

> The legislative history of the Firearm Owners Protection Act of 1986, which added the misdemeanor provisions of § 924(a)(3), suggests these amendments were intended 'to ensure that law-abiding citizens would not be subject to severe criminal penalties for unintentional missteps. [citations omitted]. Although not a model of clarity, we believe the two provisions of § 924 [§ 924(a)(1)(A) and § 924(a)(3) ] reflect a legislative compromise—the sponsors of § 924(a)(3) wanted to ensure that technical or unimportant violations would not be punished too harshly while allowing for felony prosecutions of more serious offenses . . . .

191 F.3d 928, 935–36 (8th Cir.1999).

The Eighth Circuit's conclusion is not inconsistent with published decisions in which the Ninth Circuit describes other aspects of the amendments to FOPA. In *United States v. Jarvouhey*, for example, the defendant sought to limit his felony exposure for a willful violation of § 922(b)(5) pursuant to § 924(a)(1)(D) to the misdemeanor penalty available under § 924(a)(3). 117 F.3d 440, 442 (9th Cir. 1997). The court rejected defendant's argument and concluded § 924(a)(1)(D) unambiguously permitted a felony sentence. *Id.* In *United States v. Ladum*, the court described the underlying prosecution as "a violation of Title 18 United States Code, Section 924(a)(1)(A)." 141 F.3d 1328, 1342, (9th Cir.) *cert. denied,* 525 U.S. 1021, 119 S.Ct. 549, 142 L.Ed.2d 457 (1998).

In summary, the Court finds nothing in the parties' analysis of the legislative history of § 924(a)(1)(A) supports the Mascak Defendants' interpretation of that provision.

## CONCLUSION

For these reasons, the Court concludes the language, structure, and legislative history of § 924 do not support the Mascak Defendants' argument that § 924(a)(1)(A) constitutes only a penalty for violation of another statute, is not a substantive offense, and excepts firearms licensees from its reach. The Court, therefore, finds Counts 8–34 of the Superseding Indictment state a substantive felony offense for violation of 18 U.S.C. § 924(a)(1)(A). Consequently, as the Ninth Circuit noted in *United States v. Jarvouhey*, there also is "no ambiguity for the rule of lenity to resolve." 117 F.3d at 442. Accordingly, the Court **DENIES** the Mascak Defendants' Motion to Dismiss (# 36).

IT IS SO ORDERED.