**UNITED STATES of America, Appellee,**

v.

**Patrick Lloyd KILLS REE, Appellant.**

**No. 82–1441.**

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 16, 1982.

Decided Oct. 22, 1982.

Scott Sumner, Banks & Johnson, A Professional Corp., Rapid City, S. D., for appellant.

Philip N. Hogen, U. S. Atty., D. S. D., Reed A. Rasmussen, Asst. U. S. Atty., Rapid City, S. D., for appellee.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

BRIGHT, Circuit Judge.

Patrick Lloyd Kills Ree, an American Indian, appeals from his conviction by a jury on three counts of involuntary manslaughter occurring in Indian country, in violation of 18 U.S.C. § 1153 (offenses committed in Indian territory) and § 1112 (manslaughter). The district court[1] sentenced Kills Ree to consecutive prison terms of eighteen months on each count. We affirm the convictions.

## I. Background.

The charges arise out of an automobile accident. After midnight on September 22, 1981, a pickup driven by Kills Ree ran off BIA Highway 33 on the Pine Ridge Indian Reservation in South Dakota. The pickup apparently failed to turn at a dead-end intersection, jumped a ditch (traveling twenty-seven feet in the air), drove over 1,000 feet of open field, and struck the brick wall of a schoolhouse. Kills Ree sustained serious bodily injuries and his three passengers, Mary Louise Little Dog, Calvert Russell Runs Against, and Leona Agnes Runs Against (Calvert's wife) were killed.

In each of the three counts of the indictment, the United States alleged Kills Ree operated "a motor vehicle in a grossly negligent manner, in that he acted with a wanton or reckless disregard for human life by driving while intoxicated * * *." The prosecutor introduced evidence that Kills Ree had been drinking on the day of the accident. Kills Ree was not, however, given any kind of blood alcohol test following the accident.

At trial, Kills Ree admitted drinking on the day of the accident, but denied being intoxicated. He testified he had drunk eight beers over the course of the day, and then had fallen asleep at a park where he and the three victims spent several hours during the evening. He then testified that his sleep was interrupted by the sounds of Calvert beating and choking Mary Louise. According to Kills Ree, when he discovered that Calvert had apparently killed Mary Louise, he gathered everybody (including Calvert's wife, Leona) into the pickup and set off to find a policeman to take Mary Louise to the hospital. The accident occurred, Kills Ree stated, when he was knocked unconscious by either Calvert or Leona, who fought while he drove.

On appeal, Kills Ree contends the trial court committed prejudicial error in: (1) denying his motion for acquittal or a new trial on the grounds that the prosecution failed to prove his intoxication beyond a reasonable doubt; (2) making two evidentiary rulings; and (3) refusing two proposed jury instructions.

## II. Discussion.

### A. Sufficiency of Evidence.

Kills Ree contends that his motion for judgment of acquittal should have been granted both at the close of the Government's case and at the close of his own case, and that the trial court erred in denying his motion for a new trial. The essence of Kills Ree's contention is that the trial court should have found as a matter of law that there was insufficient evidence to establish beyond a reasonable doubt that he was intoxicated on the night in question.

Our review of the record convinces us that the trial court properly denied Kills Ree's motion for acquittal at the close of the prosecution's case. Although the prosecution produced no direct evidence of intoxication, such as a blood test or breathalyzer test, the record shows sufficient circumstantial evidence from which the jury could have concluded that Kills Ree had been

---

1. The Honorable Andrew W. Bogue, Chief Judge, United States District Court for the District of South Dakota.

intoxicated on the night in question and that his drinking caused the accident. Viewed in the light most favorable to the Government, the evidence presented in the Government's case-in-chief established that Kills Ree had been drinking alcoholic beverages before the occurrence of the accident. Three witnesses testified that they noticed an odor of alcohol about Kills Ree shortly after the accident. In addition, William Jumping Eagle, a long-time acquaintance of Kills Ree, testified that the occupants of Kills Ree's pickup had given him two bottles of wine on the night of the accident. Although Jumping Eagle testified that he did not actually see Kills Ree drinking on that night, he stated that Kills Ree appeared to have been drinking and to be at a stage between sobriety and drunkenness. Moreover, two bottles of wine (one full and the other three-fourth's full) were taken out of the pickup after the accident. Further, the jury could have properly considered medical testimony indicating that Kills Ree had been a heavy drinker and, therefore, had encountered withdrawal symptoms after the accident during his treatment for injuries at Fitzsimmons Army Medical Center.

The trial court was also correct in denying Kills Ree's motion for judgment of acquittal after hearing the defense. Kills Ree's testimony revealed additional evidence of his drinking. He testified that he consumed two shots of wine and eight cans of beer during the day preceding the accident. Although he also testified he was not intoxicated, it was certainly within the province of the jury to reject that part of Kills Ree's evidence.

Finally, and also on the basis of the facts recited above, the trial court did not err in denying Kills Ree's motion for a new trial on the grounds of insufficiency of the evidence to support the jury verdict.

**2.** The accident apparently occurred in the early morning hours of September 22, 1981. Kills Ree was admitted to the Fitzsimmons Army Medical Center sometime the same day and began experiencing alcohol withdrawal symptoms on September 26 or 27.

**3.** Rule 405(a) provides:

### B. *Evidentiary Rulings.*

■ Kills Ree contends that the trial court erred in permitting Dr. Mallory to testify that Kills Ree experienced symptoms of alcohol withdrawal four days after the accident.[2] We reject this contention. Dr. Mallory explained that withdrawal symptoms occur when a person who has been drinking heavily on a frequent basis stops drinking. Although Dr. Mallory could not state the precise time prior to the hospitalization that Kills Ree had last consumed alcohol, he believed Kills Ree consumed alcohol at a time close to his hospital admission.

This testimony became relevant as circumstantial evidence corroborating the testimony of other witnesses that Kills Ree had been drinking on the night of the accident. The jury could properly consider this evidence, and no error was demonstrated in its admission.

■ Kills Ree also argues that the district court erred in not allowing witnesses to testify concerning specific instances of conduct on the part of Calvert Russell Runs Against. Kills Ree intended, specifically, to prove through two separate eyewitnesses that on at least one prior occasion, Russell, while intoxicated, beat Leona quite severely. We hold that the district court properly granted the Government's motion to exclude this testimony on the basis of Rule 405(a) of the Federal Rules of Evidence.[3]

### C. *Jury Instructions.*

■ Kills Ree finally contends the trial court erred in refusing two proposed jury instructions. He argues that the trial court should have submitted his proposed instruction on causation, which stated:

(a) *Reputation or opinion.* In all cases in which evidence of character or a trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. On cross-examination, inquiry is allowable into relevant specific instances of conduct.

If you should determine that the death in this case was caused by the acts or conduct of some person other than the Defendant a verdict of not guilty to the crime charged of "involuntary manslaughter" must be returned.

We note, however, that the court's other instructions adequately informed the jury that it was necessary for them to find that the deaths in question were caused by the conduct of Kills Ree in order to find him guilty. The trial court correctly charged the jury on the elements of the offense.

█ The trial court also rejected Kills Ree's proposed instruction on reasonable doubt. We observe also that the court's instructions adequately instructed the jury on reasonable doubt.

Finding no prejudicial error in the record of the trial, we affirm.