UNITED STATES of America, Appellee,

v.

**Gary D. GIBSON, Appellant.**

No. 83–1037.

United States Court of Appeals, Eighth Circuit.

Submitted May 18, 1983.

Decided June 6, 1983.

---

Woods, Fuller, Shultz & Smith P.C., and William P. Fuller, Sioux Falls, S.D., for appellant.

Philip H. Hogen, U.S. Atty., John J. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for appellee.

Before LAY, Chief Judge, and HEANEY and FAGG, Circuit Judges.

PER CURIAM.

Gary D. Gibson was found guilty on four counts of mail fraud in violation of 18 U.S.C. § 1341 (1976). He was sentenced to ninety days imprisonment on the first count, given suspended sentence on the remaining counts, and placed on probation for a period of three years to follow his sentence on the first count. We affirm.

In the fall of 1981, Gibson purchased 150 film certificate books for $300.00. Each book contained 100 film certificates redeemable from the Allied Photo Service of Milwaukee, Wisconsin. Allied Photo Service would only redeem one certificate for each used roll of film sent to it for processing. The photo service charged the customer for processing the used film. Gibson retained the services of the "Ad Agency" in Yankton, South Dakota, for assistance in advertising and marketing the certificates.

In October of 1981, Gibson, a resident of Tyndall, South Dakota, obtained a mailing address in Chicago under the name of Mid-America Marketing. At the same time, the Ad Agency prepared posters and leaflets to market the certificates for Mid-America Marketing through beauty shops and community fund raisers. Gibson also directed the agency to lay out an advertisement to be used in consumer newspapers and other publications. The advertisement, laid out in a diamond shape, in substance summarily stated "100 Rolls of Film—$15.00" and "25 Rolls of Film—$5.00," and gave Mid-America Marketing's Chicago mailing address. It gave no indication that the film advertised could be obtained only by redeeming certificates in connection with the processing of used film on a one-for-one basis. An employee of the Ad Agency placed the advertisement in two Midwestern shoppers' guides on behalf of Gibson, and Gibson personally placed the advertisement in consumer publications in several states. The Ad Agency employee testified at trial that Gibson provided the substantive wording for the advertisement, while Gibson stated that he merely approved the language recommended by that employee.

Gibson then opened a bank account in the name of Mid-America Marketing with the

American State Bank in Yankton. As his Chicago mail forwarding service mailed Gibson $5.00, $10.00, and $15.00 checks from purchasers responding to the advertisement, he deposited the checks in the Yankton bank account. He used the money in the account for personal and family expenses. He, or his wife Linda, sent film certificate books to some purchasers, several of whom wrote to the mailing address complaining that they expected film, not certificates. Many other purchasers never received certificates for their advance payment. After numerous complaints to various consumer and business agencies and Gibson's failure to send refunds to many dissatisfied purchasers, the United States instituted the present suit alleging violations of the federal mail fraud statute.

Gibson appeals his conviction under that statute first because of alleged error in the trial court's refusal to read to the jury the following "position instruction:"

> To the government's charges of mail fraud the defendant responds that:
>
> He retained a professional advertising agency to compose a proper ad. He relied upon the knowledge, experience and expertise of the advertising agency and believed the ad to be legitimate. Use of the ad was poor judgment on his part but he neither schemed nor intended to defraud anyone of their money.

Gibson alleges that this instruction was necessary to convey his theory of the case to the jury in opposition to the government's theory which was read to the jury in the form of the indictment.

■ Gibson's position instruction alleged in essence that his reliance on the Ad Agency negated any personal intent to defraud otherwise evinced by his using the advertisement. The instructions given by the trial court, however, clearly informed the jury that personal intent to defraud was a necessary element of the offenses charged and that good faith constituted a complete defense. Therefore, even though the court had discretion to adopt Gibson's instruction detailing the facts on which he based his defense theory, it adequately and correctly instructed the jury in its own language as to the law underlying that theory and we find no error. *United States v. Kills Ree,* 691 F.2d 412, 414–415 (8th Cir.1982); *United States v. Ammons,* 464 F.2d 414, 417 (8th Cir.), *cert. denied,* 409 U.S. 988, 93 S.Ct. 343, 34 L.Ed.2d 253 (1972).

■ Gibson next alleges error in the trial court's refusal to submit to the jury the following instruction:

> The use of the mails must be an essential part of the scheme and must be employed before the scheme reaches fruition. A mailing prior to the time the scheme originated will not suffice.

The fraudulent intent necessary to a conviction for violating 18 U.S.C. § 1341 (1976) must be present at the time the defendant uses the mails or "knowingly causes" the use of the mails by others. Actions of the defendant involving the mails taken prior to the origination of the scheme to defraud or after that scheme is completed cannot be the basis for convictions under the federal mail fraud statute. *United States v. Maze,* 414 U.S. 395, 400–401, 405, 94 S.Ct. 645, 648–649, 651, 38 L.Ed.2d 603 (1974); *United States v. Nance,* 502 F.2d 615, 618 (8th Cir.1974), *cert. denied,* 420 U.S. 926, 95 S.Ct. 1123, 43 L.Ed.2d 396 (1975).

■ We disagree with Gibson's proposed instruction, however, insofar as it indicates that the use of the mails must be an "essential" part of the "scheme." Use of the mails is an essential part of the *offense,* but the mails need only be used for the purpose of executing the scheme regardless whether the scheme could have been executed in other ways not involving the mails. *United States v. Maze, supra,* 414 U.S. at 400, 94 S.Ct. at 648. In addition, as to the "timing" element emphasized in this instruction, the court properly instructed the jury that Gibson's actions involving the mails must have been for the purpose of executing or carrying out his scheme to defraud. These instructions adequately advised the jury that the scheme must precede the use, or causing the use, of the mails. Therefore, the instructions were adequate on the facts of this case because Gibson does not allege that his mail order sales

program was completed prior to any of the mailings alleged in the indictment.

Finally, Gibson asserts that the evidence was insufficient to support his conviction. In particular, he alleges that his mailings to the Chicago mail forwarding service and a Maltoon, Illinois, shoppers' guide were made prior to the origination of any scheme to defraud, if such a scheme in fact existed. *See United States v. Nance, supra,* 502 F.2d at 618–619 (mailings prior to origination of scheme cannot be considered as having been made for the purpose of executing the scheme). On the basis of the trial transcript and the exhibits, we find that there was sufficient evidence for the jury to conclude that Gibson devised the advertisement with the intent to defraud and that he had the advertisement prepared prior to all mailings cited in the indictment.

For the above reasons, we affirm Gibson's conviction under the federal mail fraud statute.