**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Richard KORAB, Defendant–Appellant.**

**No. 88–1206.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 17, 1989.

Decided Dec. 20, 1989.

Richard B. Jones, Asst. Federal Public Defender, Phoenix, Ariz., for defendant-appellant.

Karen L. Kothe, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before GOODWIN, Chief Judge, and PREGERSON and REINHARDT, Circuit Judges.

GOODWIN, Chief Judge:

Richard Korab was convicted under 18 U.S.C. § 2 for aiding and abetting an act of federal extortion in violation of 18 U.S.C. § 875(b) and under 18 U.S.C. § 373(a) for soliciting others to engage in the extortion.[1] The appeal argues that the government failed to prove a threatening interstate communication as required by 18 U.S.C. § 875(b).

In November of 1986, while in Los Angeles, Richard Korab enlisted the help of co-defendants Arnold Moradians and Richard Fambrough to intimidate and extort money from Dennis Rubenstein, Korab's neighbor in Phoenix. Korab arranged for Moradians and Fambrough to fly from Los Angeles to Phoenix in January, 1987, paid their fares, and met them at the Phoenix airport.

On various days between January 9 and January 12, Moradians, a stranger to Rubenstein, taunted Rubenstein with incriminating information about Rubenstein (supplied to him by Korab), and threatened to kill him and his mother if he did not pay Moradians $30,000. Korab and Fambrough posed as friends and consolers to the victim. With the exception of one telephone call between Moradians and Rubenstein, made on January 11 from Los Angeles, all communications between the defendants and Rubenstein took place in Phoenix.

In March, at the request of Korab and Fambrough, Moradians phoned Rubenstein from California to demand that he not report anything about the extortion to the police. This threat did not contain any new demand for money; it was merely an attempt to keep the January extortion secret. Later that same month, Rubenstein was extorted for a second time.[2]

Korab was indicted on two counts. Count I charged him with solicitation of the January extortion and aiding and abetting that extortion, and Count II charged him with the March extortion. At the close of the government's case, and again at the close of evidence, defense counsel moved for a judgment of acquittal, arguing, in part, that because the January extortion involved no interstate communication containing an extortionate threat, Korab could not properly be convicted under federal law of soliciting or aiding and abetting that extortion. The judge denied the motion, holding that the interstate communication made after the January extortion for the purpose of keeping Rubenstein quiet, satisfied the "interstate communication" requirement of 18 U.S.C. § 875(b), and thus supported the conviction. The court instructed the jury on the statutory requirements and the jury found Korab guilty of the first count. He was acquitted of the second.

An individual cannot be guilty of both the solicitation of a crime and the substantive crime. Accordingly, Count I charged two crimes. If Korab was properly convicted of one of the charged crimes, the other can be disregarded. Because we find no evidence of a threatening interstate communication as required by 18 U.S.C. § 875(b), however, we must reverse the conviction on both the solicitation charge and the substantive charge of extortion.

## I. AIDING AND ABETTING

To convict for aiding and abetting a criminal offense, the evidence must establish that the offense actually was committed. *United States v. Powell*, 806 F.2d 1421, 1424 (9th Cir.1986). An individual is guilty of federal extortion if "with intent to extort from any person, firm, association, or corporation, any money or other thing of value, [he] *transmits in interstate commerce any communication containing any threat* ... to injure the person of another shall be fined or imprisoned ... or both." 18 U.S.C. § 875(b) (emphasis added). The transmittal of a threat in interstate commerce is an integral element of federal extortion. States are presumably competent to prosecute extortion fully contained within the state.

---

1. Korab was also indicted for a separate act of extortion under 18 U.S.C. § 875(b) and 18 U.S.C. § 2 which occurred in March of 1987, but was not convicted for that act.

2. Rubenstein was extorted a third time as well, but Korab was not indicted on this charge.

Thus, to support a conviction for aiding and abetting federal extortion, the evidence must establish that, with the intent to extort, the perpetrators used interstate communication to transmit a threat. 18 U.S.C. § 875(b). Korab admits that an intrastate extortion took place, but claims that the government produced no evidence of interstate communication.

The government relies on three theories to satisfy the interstate communication requirement: (1) the January 11 telephone call from Moradians in Los Angeles to Rubenstein in Phoenix; (2) the March interstate communications between Moradians and Rubenstein solicited by Korab to ensure that Rubenstein kept quiet; and (3) various interstate telephone calls made between the co-defendants to solicit and plan the extortion.

■ None of these communications satisfies the requirements of section 875(b). First, while the telephone records confirm that an interstate telephone call was made by Moradians to Rubenstein on January 11, there is no evidence that the call contained threats. *See United States v. Oxendine*, 531 F.2d 957 (9th Cir.1976) (a conviction for federal extortion under section 875(c), which requires interstate communication, requires proof that the threatening communication was actually transmitted across state lines). Moradians testified that the call did not demand money or contain threats; only logistical details for the payoff were discussed. Reporter's Transcript

at vol. II, pp. 168–69. Rubenstein's testimony indicated only that calls were made throughout the weekend. He testified that most of them contained threats. He also stated that he received a call from Moradians on January 11 with specific instructions on making the payment. The evidence, therefore, cannot support a finding that a threatening interstate telephone call was made on January 11.

Second, the government contends, and the district court found, that interstate communications made after the January payment which threatened Rubenstein to ensure his silence, satisfied the section 875(b) communication requirement. The indictment, however, specifically alleges that Korab intended to extort a payment of $30,000 and threatened Rubenstein with death if the payments were not made. Superseding Indictment at 1. The indictment sets out the charge. The government must prove the essential elements of that charge. *See United States v. Haldeman*, 559 F.2d 31, 123–24 (D.C.Cir.), *cert. denied*, 431 U.S. 933, 97 S.Ct. 2641, 53 L.Ed.2d 250 (1976). Korab was not indicted for threatening Rubenstein to cause him to remain quiet after the January extortion. The government has not cited, nor do we find, any cases to support the view that a threat following the exchange of money can be viewed as part of the extortion, and thereby change the otherwise common law crime of extortion into the federal crime of extortion.[3] Moreover, Korab was not convicted

---

**3.** We note that in the analogous area of federal mail fraud, courts have held that actions involving mails taken before the scheme has reached fruition can be a basis for conviction. *United States v. Gibson*, 708 F.2d 344, 346 (8th Cir. 1983); *United States v. Brown*, 583 F.2d 659 (3d Cir.1978), *cert. denied*, 440 U.S. 909, 99 S.Ct. 1217, 59 L.Ed.2d 456 (1979). Much litigation has focused on the question whether a particular scheme has reached fruition, and the cases look to whether the mailing furthered the fraud. *See United States v. Hagler*, 708 F.2d 354 (9th Cir.1982) (mailings not made in furtherance of scheme to defraud could not serve as basis for mail fraud conviction). The Supreme Court has indicated that the success of the scheme must depend in some way on the mailing. *See United States v. Maze*, 414 U.S. 395, 402, 94 S.Ct. 645, 649, 38 L.Ed.2d 603 (1974). Courts have noted that the scheme may embrace more than the

successful acquisition of the money or documents sought. *See, e.g., United States v. Kent*, 608 F.2d 542, 546 (5th Cir.1979), *cert. denied*, 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980). Several courts viewed as mailings in furtherance of a mail fraud scheme so-called lulling letters, that is letters to victims of a fraud intended to lull them into a false sense of security and thereby postpone inquiries and make apprehension of the perpetrators less likely. *See, e.g., United States v. Snowden*, 770 F.2d 393 (4th Cir.), *cert. denied*, 474 U.S. 1011, 106 S.Ct. 540, 88 L.Ed.2d 470 (1985); *United States v. Otto*, 742 F.2d 104 (3rd Cir.1984), *cert. denied*, 469 U.S. 1196, 105 S.Ct. 978, 83 L.Ed.2d 980 (1985); *United States v. Chappell*, 698 F.2d 308 (7th Cir.), *cert. denied*, 461 U.S. 931, 103 S.Ct. 2095, 77 L.Ed.2d 304 (1983); *United States v. Wrehe*, 628 F.2d 1079 (8th Cir.1980); *United States v. Ashdown*, 509 F.2d 793, 800 (5th Cir.),

for the March extortion. Any threatening communications made after the January payoff were arguably made in connection with the second extortion, for which Korab has been acquitted.

■ The government's theory that interstate telephone calls between defendants Korab and co-defendants Fambrough and Moradians can satisfy the section 875(b) requirement, is also unpersuasive. The plain language of section 875(b) makes clear that the communication must contain threats directed toward the victim. 18 U.S.C. § 875(b). Telephone calls to organize an extortion do not satisfy the proof required of threatening calls. The government argues that Korab threatened Moradians to ensure his continued participation in the extortionate schemes. However, Korab was not indicted for threatening his confederates. Moreover, any such threatening communications between co-defendants took place after the January extortion.

Because we find no evidence of threatening interstate communication, we must reverse Korab's conviction. At most he aided and abetted a crime that was not a federal extortion.

## II. SOLICITATION

■ In order to establish the offense of solicitation to commit an extortion, the prosecution must prove that the defendant intended the solicited individual to "engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States." 18 U.S.C. § 373(a). Section 373(a) encompasses only solicitations of federal felonies. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. 308 (1984), *reprinted in*, 1984 U.S.Code Cong. & Admin.News 3182, 3487 (stating that the solicitation statute "is designed to proscribe the offense of solicitation to commit a Federal crime of violence.") The fact that the individual used interstate channels to solicit

and plan an extortion, therefore, is not sufficient to give rise to federal solicitation; federal solicitation requires the solicitation of a federal offense.

The government argues that the conviction for solicitation should be affirmed because there is sufficient evidence to support a finding that a federal offense has resulted from Korab's solicitation. Because of the lack of evidence of threatening interstate communication, however, there was no federal extortion.

■ Moreover, the evidence does not support a conviction under an accurate reading of the solicitation statute. The statute requires a finding, not that a federal offense resulted, but that Korab intended that acts constituting a federal offense result. *See* S.Rep. No. 98–225, 98th Cong., 2d Sess. 308 (9184), *reprinted in*, 1984 U.S.Code Cong. & Admin.News 3182, 3487 ("The Committee believes that a person who makes a serious effort to induce another person to commit a crime of violence is a clearly dangerous person and that his act deserves criminal sanctions whether or not the crime of violence is actually committed.").

The only evidence in the record of relevance to solicitation is the post-extortion interstate telephone calls. Korab requested specifically that Moradians make those calls, and thus can be found to have intended the use of interstate communications to silence Rubenstein. The difficulty here is analogous to that encountered in the aiding and abetting context, namely that the January extortion was complete when Rubenstein paid, and the intent to extort became expended when the "keep quiet" call was made. The new intent, to conceal crime, could support a different charge, but not the one charged in the indictment.

REVERSED.

---

We need not address the applicability of these cases to the federal extortion statute. At the

time of payment the January extortion was complete and Korab was acquitted of any involvement in subsequent extortions.