**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5191**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RALPH MANNA,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. William D. Quarles, Jr., District Judge. (CR-05-71-WDQ)

Submitted: August 30, 2006          Decided: September 28, 2006

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

Affirmed in part; reversed in part by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Denise C. Barrett, Assistant Federal Public Defender, Baltimore, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Ralph Manna appeals his 240-month sentence imposed following his jury conviction for solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373 (2000). Manna raises two issues on appeal: whether the statutory language of 18 U.S.C. § 373 establishes a maximum sentence of twenty years' imprisonment for soliciting another to travel interstate to commit murder-for-hire and whether the district court abused its discretion under the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C.A. § 3663A(a)(1), (c)(1)(A)(ii) (West 2000 & Supp. 2006), when it ordered restitution for counseling expenses and travel expenses absent bodily injury. For the reasons stated below, we affirm the 240-month incarceration sentence, but reverse the restitution order.

Manna's indictment charged him with solicitation to commit a crime of violence, in violation of 18 U.S.C. § 373(a), and identified the crime of violence solicited as 18 U.S.C. § 1958 (2000), use of interstate commerce facilities in the commission of murder-for-hire. The indictment did not charge that personal injury or death resulted. The jury found Manna guilty as charged in the single-count indictment, and Manna was sentenced to 240 months' imprisonment. The court also imposed restitution to the victims in the amount of $815 to cover the costs of counseling expenses and travel expenses related to counseling. The parties

dispute the applicable statutory maximum penalty and the authority to compensate victims for costs and expenses related to counseling, absent physical injury.

Manna first questions whether the statutory language of 18 U.S.C. § 373 establishes a maximum sentence of twenty years' imprisonment for soliciting another to travel interstate to commit murder-for-hire. Two statutes are at issue here: § 373, the "solicitation" statute, and 18 U.S.C. § 1958 (2000), the "murder-for-hire" statute. The pertinent language of § 373 reads:

> Whoever . . . solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be imprisoned not more than one-half the maximum term of imprisonment . . . of the crime solicited . . . or if the crime solicited is punishable by life imprisonment or death, shall be imprisoned for not more than twenty years.

18 U.S.C. § 373. Section 1958 provides for graduated maximum penalties depending upon the harm suffered by the victim: a maximum sentence of ten years' imprisonment for the use of interstate commerce facilities in the commission of murder-for-hire without resulting injury; a maximum sentence of twenty years' imprisonment for the use of interstate commerce facilities in the commission of murder-for-hire resulting in personal injury; and a maximum sentence of death or life imprisonment for the use of interstate commerce facilities in the commission of murder-for-hire resulting in death. 18 U.S.C. § 1958(a). We review questions of

statutory construction de novo.  See <u>United States v. Davis</u>, 98 F.3d 141, 144 (4th Cir. 1996).

Manna argues that without proof of death or serious bodily injury, the maximum penalty for solicitation to violate the murder-for-hire statute must be one-half of the ten-year maximum for a violation of § 1958 that does not result in any injury.  The reference point when analyzing § 373, however, is the "crime solicited," not the sentence of the resulting crime.  See <u>United States v. Devorkin</u>, 159 F.3d 465, 467 (9th Cir. 1998).  For example, § 373 imposes a maximum sentence of twenty years if "the crime solicited" is punishable by life imprisonment or death, while the maximum prison term *"for all other solicitations"* prohibited under § 373 is one-half of the prison term for "the crime solicited."  <u>Id.</u> (emphasis added).  Thus, § 373 does not instruct courts to look to the actual sentence that would be imposed for the underlying violation according to the particular facts of each case.  Based on the statutory language, we conclude the district court did not err when it imposed the maximum sentence for solicitation to travel interstate to commit murder-for-hire.

Manna next contends that the district court erred in ordering him to pay $815 to the victims, his ex-wife and son, to cover the costs of counseling and travel expenses.  The MVRA, 18 U.S.C. § 3663A, governs here, because Manna was convicted of a crime of violence.  Section 3663A(b)(2)(A) requires proof of bodily

- 4 -

injury to a victim before a court may order restitution for counseling. It is undisputed that the victims of the solicitation sustained no bodily injury; the solicitation never proceeded beyond the point of a discussion between Manna and the undercover agent. In the absence of bodily injury, Manna correctly argues that restitution could not be ordered pursuant to § 3663A(b)(2)(A). See United States v. Follet, 269 F.3d 996, 1001 (9th Cir. 2001). Likewise, under the particular facts here, we conclude that restitution was not authorized by either § 3663A(b)(1) or § 3663A(b)(4). We therefore reverse the court's restitution order.

Based on the foregoing, we affirm Manna's sentence of incarceration and reverse the restitution order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART; REVERSED IN PART</u>