# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2554

_____

United States of America

*Plaintiff - Appellee*

v.

Otis McAllister

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: June 27, 2014
Filed: July 2, 2014
[Unpublished]

_____

Before GRUENDER, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Otis McAllister appeals from the judgment entered by the District Court[1] after a jury found him guilty of soliciting a conspiracy to commit bank robbery, see 18

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

U.S.C. § 373(a), based on acts McAllister committed in an effort to obtain a reduction of the 37-year prison sentence he was serving for prior bank-robbery and firearm convictions, see McAllister v. United States, No. 4:08-cv-1414, 2009 WL 3254341 (E.D. Mo. Oct. 7, 2009). Contrary to McAllister's misguided plan, his sentence was lengthened when the District Court imposed a 30-month sentence on the solicitation conviction, to be served consecutively to his undischarged prison term. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the sufficiency of the evidence, the reasonableness of the sentence, and the effectiveness of counsel's representation. In a pro se supplemental brief, McAllister challenges his counsel's failure to raise the affirmative defense of renunciation. For the reasons that follow, we affirm.

Reviewing the sufficiency of the evidence in the light most favorable to the government, see United States v. Birdine, 515 F.3d 842, 844 (8th Cir. 2008), we conclude that the largely uncontroverted evidence was sufficient for the jury to find McAllister guilty of soliciting a conspiracy to commit bank robbery: he admitted luring two individuals—one of whom had acquired a gun at McAllister's urging—to drive a rented car from Memphis, Tennessee, to St. Louis, Missouri, for the purpose of robbing a bank, believing incorrectly that they would be assisted by a bank employee, see 18 U.S.C. § 373(a) (describing solicitation to commit crime of violence); United States v. Korab, 893 F.2d 212, 215 (9th Cir. 1989) (noting that federal solicitation statute requires a finding that defendant intended that acts constituting federal offense result); cf. United States v. Buckalew, 859 F.2d 1052, 1052–54 (1st Cir. 1988) (determining that evidence was sufficient to support conviction for soliciting another to rob bank where defendant offered "fast cash" to proposed partner, said he had been "looking over" specific bank, and asked partner to get car and gun, and authorities recorded conversation between defendant and his proposed partner making plans for robbery and agreement to split proceeds).

We also conclude that McAllister's 30-month sentence was not unreasonable, see United States v. Feemster, 572 F.3d 455, 460–61 (8th Cir. 2009) (en banc) (standard of review), and defer consideration of any ineffective-assistance claim for possible proceedings under 28 U.S.C. § 2255, see United States v. Hubbard, 638 F.3d 866, 869 (8th Cir. 2011).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no non-frivolous issues. Accordingly, we affirm the judgment of the District Court. As for counsel's motion to withdraw, we conclude that allowing counsel to withdraw at this time would not be consistent with the Eighth Circuit's 1994 Amendment to Part V of the Plan to Implement The Criminal Justice Act of 1964. We therefore deny counsel's motion as premature, without prejudice to counsel refiling the motion upon fulfilling the duties set forth in the Amendment.

_____