**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 17 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50220 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00864-TJH-1 |
| v. | |
| ALAN GREGORY FLESHER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Argued and Submitted December 11, 2014
Pasadena, California

Before: GILMAN,[**] GRABER, and CALLAHAN, Circuit Judges.

Defendant Alan Gregory Flesher appeals his conviction and sentence for

mail fraud, in violation of 18 U.S.C. §§ 1341 and 2(b). We affirm.

1. The district court did not plainly err when it accepted Defendant's guilty

plea. United States v. Minore, 292 F.3d 1109, 1117 (9th Cir. 2002). Even

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Ronald Lee Gilman, Senior Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

assuming that the court developed an insufficient factual basis for accepting Defendant's plea under Federal Rule of Criminal Procedure 11, the error was harmless because the record does not disclose "a reasonable probability that, but for the error, he would not have entered the plea." United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004). To the contrary, the record shows that Defendant indicated consistently that he intended to plead guilty. Moreover, before his sentencing hearing, Defendant met with a probation officer and had the opportunity to review the detailed factual allegations in the Presentence Report. At sentencing, Defendant neither objected to the assertions in the Report nor attempted to withdraw his guilty plea.

2. Defendant's low-end, within-Guidelines sentence was substantively reasonable. United States v. Cope, 527 F.3d 944, 952 (9th Cir. 2008). The district court had discretion to treat Defendant differently from his co-defendants because (1) Defendant was the leader of the fraud scheme, and (2) the court articulated specific reasons for varying downward when it sentenced the co-defendants.

**AFFIRMED**.