NOT FOR PUBLICATION

NOV 21 2016

UNITED STATES COURT OF APPEALS



FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 15-56259 |
| | ) | |
| Plaintiff-Appellee, | ) | D.C. No. 2:15-cv-02173-TJH |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| ALAN GREGORY FLESHER, | ) | |
| AKA Greg Myers, | ) | |
| | ) | |
| Defendant-Appellant, | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Terry J. Hatter, Senior District Judge, Presiding

Submitted November 7, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit
Judges.

Alan Gregory Flesher appeals the district court's denial of his motion to

vacate his sentence. *See* 28 U.S.C. § 2255(a). We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument. Fed. R. App. P. 34(a)(2).

Flesher was convicted and sentenced for mail fraud[1] following his guilty plea. After we affirmed his conviction,[2] he filed his motion to vacate based upon his claim that counsel who represented him at the time of his plea and sentencing was ineffective.[3] The district court denied his motion, and this appeal followed.

Flesher contends that the district court erred because he only intended to admit the falsity of any mailing that actually contained false revenue statements, and mailings described in counts of the indictment did not include those statements. Moreover, he argues that all of the mailings were sent after the scheme had come to fruition. He asserts that the district court erred because counsel was deficient when he advised Flesher to plead guilty in those circumstances, and that he was prejudiced by that deficiency. We disagree.

We proceed with some care and deference when assessing counsel's performance,[4] and that is particularly true when a defendant seeks to set aside a

---

[1]*See* 18 U.S.C. § 1341.

[2]*United States v. Flesher* (*Flesher I*), 588 F. App'x 652, 652 (9th Cir. 2014).

[3]*See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984); *see also Hill v. Lockhart*, 474 U.S. 52, 57–60, 106 S. Ct. 366, 369–71, 88 L. Ed. 2d 203 (1985); *Babbitt v. Calderon*, 151 F.3d 1170, 1173 (9th Cir. 1998).

[4]*See Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065–66.

guilty plea after sentencing.[5]  Here the record demonstrates that Flesher was well aware of the fact that the counts did not necessarily contain revenue statements as such—that was shown on the face of the indictment, in specific disclosures at the plea hearing, and in the presentence report.  *See Flesher I*, 588 F. App'x at 653. Moreover, it was most likely that the mailings in question were part of the scheme that Flesher was admittedly part of,[6] and it was reasonable to choose to avoid the vicissitudes of a jury trial on that issue along with the others, in favor of a tactic of admitting guilt and seeking mitigation at sentencing.[7]  In short, Flesher did not show that counsel was deficient, and if there was some deficiency, Flesher did not show that he suffered prejudice therefrom.  *See Lafler v. Cooper*, __U.S.__,__, 132 S. Ct. 1376, 1384, 182 L. Ed. 2d 398 (2012); *Hill*, 474 U.S. at 58–60, 106 S. Ct. at 370–71.

---

[5]*See Premo v. Moore*, 562 U.S. 115, 125, 131 S. Ct. 733, 741–42, 178 L. Ed. 2d 649 (2011); *Hill*, 474 U.S. at 58–59, 106 S. Ct. at 370–71; *see also Blackledge v. Allison*, 431 U.S. 63, 71–72, 97 S. Ct. 1621, 1628, 52 L. Ed. 2d 136 (1977); *cf. United States v. King*, 257 F.3d 1013, 1024 (9th Cir. 2001); *United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998).

[6]*See United States v. Tanke,* 743 F.3d 1296, 1301–03 (9th Cir. 2014); *United States v. Korab*, 893 F.2d 212, 214 n.3 (9th Cir. 1989).

[7]*See Babbitt*, 151 F.3d at 1173–74; *see also Cullen v. Pinholster*, 563 U.S. 170, 195–96, 131 S. Ct. 1388, 1406–07, 179 L. Ed. 2d 557 (2011).

Finally, the district court did not abuse its discretion[8] when it denied an evidentiary hearing on Flesher's allegations, which, on this record, warranted summary dismissal.[9]

AFFIRMED.

---

[8]*See United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).

[9]*See Lambert v. Blodgett*, 393 F.3d 943, 980 (9th Cir. 2004); *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980); *cf. Blackledge*, 431 U.S. at 75–76, 97 S. Ct. at 1630.